UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

NICHOLE CRANDLE                                    CIVIL ACTION

VERSUS                                             NO: 19-11277

LOUISIANA STATE UNIVERSITY
HEALTH SCIENCE CENTER OF
NEW ORLEANS                                        SECTION "H"

## ORDER AND REASONS

Before the Court is Defendant Board of Supervisors of Louisiana State University and Agricultural and Mechanical College's ("Board of Supervisors") Partial Motion to Dismiss (Doc. 31). For the following reasons, the Motion is GRANTED.

## BACKGROUND

Plaintiff Nichole Crandle alleges that she was discriminated against when she was fired from her job as a Hospital Admissions Technician at LSU Health and Science Center because of her pregnancy. Plaintiff brings claims for Title VII sex discrimination, Title VII pregnancy discrimination, Family and Medical Leave Act ("FMLA") discrimination, FMLA retaliation,

1

discrimination under the Louisiana Employment Discrimination Law ("LEDL"), and state law tort claims of intentional infliction of emotional distress ("IIED") and defamation. In the instant motion, Defendant Board of Supervisors moved to dismiss Plaintiff's LEDL and state law tort claims on prescription grounds.

## **LEGAL STANDARD**

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim for relief that is plausible on its face."[1] A claim is "plausible on its face" when the pleaded facts allow the court to "draw reasonable inference that the defendant is liable for the misconduct alleged."[2] A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[3] The court need not, however, accept as true legal conclusions couched as factual allegations.[4] To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[5] If it is apparent from the face of the complaint that an insurmountable bar to relief exists and the plaintiff is not entitled to relief, the court must dismiss the claim.[6] The court's review is limited to the

---

[1] Ashcroft v. Iqbal, 556 U.S. 662 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007)).

[2] *Id.*

[3] Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 232 (5th Cir. 2009).

[4] *Iqbal*, 556 U.S. at 678.

[5] *Id.*

[6] *Lormand*, 565 F.3d at 255–57.

2

complaint and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint.[8]

## LAW AND ANALYSIS

Defendant Board of Supervisors moves to dismiss Plaintiff's LEDL, IIED, and defamation claims on the basis of prescription.[9] The LEDL requires a plaintiff to file suit "no later than eighteen months after the occurrence forming the basis for the claim."[10] Defamation and IIED claims are governed by the one-year prescriptive period for delictual actions in Louisiana Civil Code article 3492.

Plaintiff's Complaint alleges that she was terminated on August 24, 2017. She filed the Complaint on June 19, 2019, alleging discrimination, defamation, and emotional distress arising out of her employment and termination. Accordingly, Plaintiff's claims have prescribed on the face of the Complaint. "When a petition reveals on its face that prescription has run, the plaintiff has the burden of showing why the claim has not prescribed."[11] Plaintiff does not dispute that her LEDL claim is prescribed. She argues, however, that her defamation and IIED claims are not prescribed pursuant to the continuing tort doctrine.

---

[8] Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000).
[9] Defendant also moves for dismissal of a bystander negligence claim because Plaintiff's Complaint references civil code article 2315.6. This Court does not read Plaintiff's Complaint as intending to bring such a claim, and Plaintiff's opposition does not address it.
[10] Nabors v. Metro. Life Ins. Co., No. 12-CV-00827, 2012 WL 2457694, at *3 (W.D. La. May 30, 2012), *report and recommendation adopted*, No. 6:12-CV-00827, 2012 WL 2427169 (W.D. La. June 26, 2012).
[11] Wimberly v. Gatch, 635 So. 2d 206, 211 (La. 1994).

### A. Defamation

Plaintiff's Complaint alleges that Defendant defamed her by spreading rumors that she was a poor employee, made errors, and had a poor work ethic. It specifically states that "[d]uring the course of Plaintiff's employment with Defendant," Defendant made false statements that damaged her reputation. There is no allegation that any statements were made after her employment ended. Plaintiff argues, however, that Defendant will continue to "repeat the same lies" about her in defense of this lawsuit, and therefore the claim has not prescribed under the continuing tort doctrine.

Louisiana courts have held that the continuing tort doctrine does not apply to a defamation claim. "Since each and every publication, or communication, of a defamatory statement to a third person constitutes a separate cause of action, the conduct causing the damages, i.e. the publication, cannot be said to be continuous."[12] Accordingly, Plaintiff's defamation claim is prescribed.

### B. IIED

Plaintiff's Complaint alleges that she suffered emotional distress as a result of Defendant's false allegations of misconduct and derisive comments made in retaliation of her reporting the discrimination. The Complaint does not indicate that these acts continued after the termination of her employment. However, Plaintiff again argues that her IIED claim has not prescribed under the continuing tort doctrine because Defendant will continue to "repeat the same lies" about her in defense of this lawsuit.

---

[12] Wiggins v. Creary, 475 So. 2d 780, 781 (La. App. 1 Cir.), *writ denied*, 478 So. 2d 910 (La. 1985).

First, Plaintiff's argument is purely speculative and attempts to assert liability for an alleged tort that may or may not occur in the future. Further, there is no allegation that Defendant has done anything to cause Plaintiff emotional distress in the two-and-a-half years since she was terminated. Accordingly, any statement made in response to this Complaint cannot be "an act in furtherance of the continuing pattern of harassment so as to indicate that the harassment has not abated."[13] Accordingly, Plaintiff's IIED claim has also prescribed.

## CONCLUSION

For the foregoing reasons, the Motion is **GRANTED**. Plaintiff's LEDL, defamation, and IIED claims against Defendant Board of Supervisors are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana this 26th day of February, 2020.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[13] Weathersby v. Jacquet, 813 So. 2d 1135, 1141 (La. App. 3 Cir. 2002) (quoting Bustamento v. Tucker, 607 So. 2d 532 (La. 1992)) (holding that two year period between incidents did not create continuing tort).